October 16.
JUDGE GREEN
delivered the opinion of the Court.‡
The appeal in this case, from the County to the Superior Court, was improvidently allowed, upon the condition that the appellant should give bond and security in the clerk’s office within thirty days ; and which was accordingly given after the adjournment of the Court. An appeal from a judgment in a Court of Law, cannot be allowed upon such terms, as has been decided in Thompson & O’Neal v. Evans, 6 Munf. 397; although appeals from decisions in the Superior Courts of Chancery may be allowed, upon such a condition. Stealy v. Jackson, 1 Rand. 413. The acts of Assembly upon this subject, as to appeals both from Courts of Law and Chancery, seem, at first view, to have the same effect; but they have not. An appeal can be allowed from a judgment at Law, only by the Court pronouncing the judgment, and during the term of the Court at which the judgment was pronounced. The same Court, at a subsequent term, or the Judge thereof, in vacation, cannot, under any circumstances, allow an appeal; nor can an appeal be allowed in such case, by an Appellate Court, or a Judge thereof, under *194 any circumstances. The judgment can be brought before an Appellate Court, only by a writ of error, or a supersedeas, awarded by the Appellate Court, or a Judge thereof. The act of Assembly, in respect to these cases, provides, that “Before granting any appeal, or issuing of any writ of error or supersedeas, the party praying the same, shall enter into *bond,” &c. As an appeal can only be granted in Court, and by the Court during the term at which the judgment was pronounced;, and the bond is to be given before the granting of the appeal; it follows, that the giving of a bond after the term, does not_ justify the allowance of an appeal during the term. If an appeal under such circumstances were valid, it would have its effect from the moment it was granted, and the plaintiff’s right would be suspended for a time, without security, and the bond might never be given. In the cases of writs of error and supersedeas, although they may be awarded, they cannot issue or have any effect, until bond and security be given.
Appeals may be allowed from decrees in Chancery, by the Court pronouncing the decrees, during the term; in which case the statute directs, that “before granting any such appeal,” the party shall give bond and security; but, an Appellate Court, or a Judge thereof, in vacation, or the Chancellor who has pronounced the decree, may, during the succeeding vacation, grant an appeal, if it appear to his satisfaction, that the failure to appeal from his decree at the time, or during the term when it was pronounced, did not proceed from any culpable neglect in the petitioner, or that upon the whole circumstances of the case, the petitioner ought to have-the benefit of an appeal. These appeals, allowed by the Appellate Court, or a Judge thereof, or by a Chancellor who pronounced the decree, in the next vacation, are analogous to the writ of error, or supersedeas, at law; Although allowed, they have no effect, until the bond and security be given ; and this of necessity, for the bond is given, not to the Judge, but in the clerk’s office. If, at the time a decree is pronounced, the party wishes an appeal, but is not then prepared to take and perfect it, by giving bond and security, and should satisfy the Judge that this inability does not arise from his culpable neglect, or, that upon the whole circumstances, he ought to have the benefit of an appeal; to allow an appeal, upon condition that bond and security should be given within a reasonable *and limited time, in the next vacation, would be doing, in effect, only what he would be bound to do in vacation, upon being satisfied of the same facts; and the order would have the same effect, as if it had been .made in vacation. It would not intercept the execution of the decree, until the bond and security were given. This power in the Chancellor, to allow an appeal in vacation, after the term at which the decree was pronounced, and the want of power in the Judge of the Court of Law, to allow an appeal after the term at which the judgment was given, makes an appeal allowed in Court, from a decree, with time to give bond and security? good; and an appeal from a judgment at law, upon such condition, irregular.
The judgment of the Superior Court is reversed; and the Court giving such judgment as the Superior Court ought to have given, the appeal from the County to the Superior Court is dismissed as improvidently granted; the appeal bond being given after the expiration of the term at which the judgment was given; the appellee to recover his costs in this Court, being the party substantially prevailing.

Judge Coalter, absent.